| | |
|---|---|
| 1 | JERRILYN T. MALANA, Bar No. 195260 |
| 2 | LITTLER MENDELSON<br>A Professional Corporation |
| 3 | 501 W. Broadway, Suite 900<br>San Diego, CA  92101.3577 |
| 4 | Telephone:    619.232.0441<br>Facsimile:    619.232.4302 |
| 5 | E-mail: jmalana@littler.com |
| 6 | Attorneys for Defendant<br>NATIONWIDE MUTUAL INSURANCE |
| 7 | COMPANY |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES THOMPSON, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, and DOES 1 through 50,<br><br>Defendants. | Case No.   **'11CV0659 LAB MDD**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT FROM STATE COURT BY DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY PURSUANT TO 28 U.S.C. § 1332(D)(2) (CAFA) AND FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1441(B)** |

NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF JAMES THOMPSON AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant NATIONWIDE MUTUAL INSURANCE COMPANY ("Defendant") hereby removes the action entitled *James Thompson v. Nationwide Mutual Insurance Company,* Case No. 37-2011-00085948-CU-OE-CTL, from the Superior Court for the County of San Diego, to the United States District Court for the Southern District of California. Removal is based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§1332(d), 1441(b), and 1446, as well as on the basis of federal question, 28 U.S.C. §§ 1331, 1441, and 1446 and the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001, *et seq.* along with *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg*, 545 U.S. 308, 310 (2005), on the following grounds:

## I. STATEMENT OF JURISDICTION

1. Nationwide Mutual Insurance Company is an Ohio corporation with its principal place of business in Columbus, Ohio. Declaration of Joanne McGoldrick ("McGoldrick Decl."), ¶2.[1] Removal jurisdiction exists because, in relevant part, this Court has original jurisdiction over this action under the CAFA. The CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). The CAFA authorizes removal of such actions pursuant to 28 U.S.C. §1446. As set forth herein, this case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice.

2. As demonstrated herein, named Plaintiff James Thompson's ("Plaintiff") claim for payment of vacation benefits is also a claim over which the district courts of the United States have jurisdiction, without respect to the amount in controversy or the citizenship of the parties pursuant to Section 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132 (e) and (f).[2] Thus, the action may be removed to this Court by Defendant pursuant to 28 U.S.C. Section 1441(b) in that it is a civil

---

[1] The Declaration of Joanne McGoldrick has been filed concurrently with this Notice.
[2] Based upon its own records, Defendant believes that Plaintiff's last name is spelled "Thompsen."

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL                                2.

action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution or laws of the United States.

3. This Court thus has supplemental jurisdiction over Plaintiff's state law causes of action, if any, pursuant to 28 U.S.C. Section 1367(a), in that Plaintiff's state law causes of action form part of the same case or controversy under Article III of the United States Constitution as those claims for relief over which the Court has original jurisdiction.

## II. VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(d) and 1446. Named Plaintiff James Thompson filed his Complaint in the Superior Court for the County of San Diego. Venue upon removal properly lies in the United States District Court for the Southern District of California.

## III. PLEADINGS, PROCESS, PARTIES AND ORDERS

5. On February 15, 2011, Plaintiff filed his unverified complaint in the Superior Court for the County of San Diego, entitled *James Thompson v. Nationwide Mutual Insurance Company,* Case No. 37-2011-00085948-CU-OE-CTL (the "Complaint").

6. On March 2, 2011, Plaintiff served a copy of the Summons and Complaint, as well as a Civil Case Cover Sheet, Notice of Case Assignment and ADR Information, on the agent for service of process for Nationwide Mutual Insurance Company. True and correct copies of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment and ADR Information are attached hereto, collectively, as Exhibit A.

7. Nationwide Mutual Insurance Company is the sole defendant which has been named in the Complaint and upon whom service has been made. DOES 1 through 50 are fictitious defendants, are not parties to this action, and have not been named or served. Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) ["district court was correct in only considering the domicile of the named defendants"]. The Doe defendants, therefore, need not consent to this removal.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL 3.

8. In the Complaint, Plaintiff defines the putative class as follows:

> [A]ll past and current employees employed by defendant . . . . in the State of California at anytime within the four years preceding the filing of the complaint, who were not paid their vested but unused vacation pay on termination.

Complaint, ¶ 1. The class period is defined as the four years prior to the February 15, 2011 filing the Complaint. *Id.*

9. As defined by Plaintiff's Complaint, some of the putative class members are former employees of Defendant and others are "employees currently employed by Defendants . . . threatened with immediate and irreparable harm by the continuation of Defendants' unlawful actions . . ." Complaint, ¶¶ 1, 22, 30, 37.

10. In the Complaint, Plaintiff James Thompson asserts that he is a former in house attorney who was employed by Defendant within the County of San Diego from on or about April 17, 2006 until April 30, 2009. Complaint, ¶¶ 2, 4, 17. Plaintiff is a resident of California. Complaint, ¶ 2.

11. Plaintiff asserts three causes of action in his Complaint, namely: (1) violation of California Labor Code § 227.3, by refusal to pay vested vacation pay on termination; (2) violation of California Labor Code §§ 201 and 202, specifically, alleged failure to pay all earned wages on termination of employment; and, (3) violation of California Business & Professions Code § 17200, *et seq*.

12. Plaintiff styled this action as a class action.

13. Defendant filed its Answer to Plaintiff's Complaint in the Superior Court for the County of San Diego on April 1, 2011. A true and correct copy of the Answer is attached hereto as Exhibit B.

## IV.   JURISDICTION PURSUANT TO THE CAFA

14. The CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which there are at least 100 members of the class, and any member of a class of plaintiffs is a citizen of a state different from any defendant, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). While there are

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL                4.

exceptions to the rule of original jurisdiction contained in 28 U.S.C. § 1332(d)(3)-(5), none apply here. The CAFA authorizes removal of qualifying actions in accordance with 28 U.S.C. § 1446. This case meets each of the CAFA requirements for removal because, as is set forth more particularly below: (1) the proposed class contains at least 100 members; (2) Defendant is not a state, state official, or other governmental entity; (3) the total amount in controversy exceeds $5,000,000; and (4) there is diversity between at least one class member and the only named defendant.

**B.     The Proposed Class Contains At Least 100 Members.**

15.     Plaintiff claims to represent a class of "similarly situated current and former employees employed by Nationwide Mutual Insurance Company in the State of California at anytime within the four years preceding the filing of the Complaint, who were not paid their vested but unused vacation pay on termination." Complaint, ¶ 1. The "vacation pay" provided by Defendant to employees in California is referred to as "Your Time" and it is structured as an employee benefit plan under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. McGoldrick Decl., ¶¶ 3-4. In the four years preceding the filing of the Complaint a total of 616 employees of Defendant in California forfeit accrued Your Time benefits when their employment with the Company was terminated. McGoldrick Decl., ¶ 6.

**C.     Nationwide Mutual Insurance Company Is Not a State, State Official Or Governmental Entity.**

16.     Nationwide Mutual Insurance Company is not a state, state official, or governmental entity, McGoldrick Decl., ¶ 2.

**D.     The Amount In Controversy Exceeds $5,000,000.**

17.     To determine the amount in controversy under 28 U.S.C. § 1332(d) "a court must assume that the allegations of the complaint are true and that a jury [will] return [] a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what Defendant will actually owe if Plaintiff prevails. *Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ["It's not a question as to what you would owe. It's a question as to what is in controversy."].

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL                5.

18. In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). If the complaint is silent on the amount of damages claimed, "the court may consider facts in the removal petition and may 'require the parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* In such a situation, "the removing defendant bears the burden of establishing, by a preponderance of the evidence" the amount in controversy. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Thus, when the allegations in a complaint do not establish the amount in controversy, a removing defendant can do so by "provid[ing] evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id. See also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ["preponderance of the evidence" must be demonstrated when amount in controversy "not facially evident"].

19. Plaintiff's Complaint is silent as to the total amount in controversy, with the only allegation of the amount in controversy (found on the Civil Case Cover Sheet) saying that the damages sought are "unlimited (Amount demanded exceeds $25,000)." Nevertheless, as demonstrated herein, the allegations in Plaintiff's Complaint and the claimed civil penalties demonstrate that the amount in controversy exceeds the CAFA jurisdictional minimum of $5,000,000. By demonstrating that the amount in controversy exceeds the CAFA threshold, Defendant in no way concedes the validity of Plaintiff's claims, the legal bases for the damages calculations, or the likelihood that Plaintiff will recover anything.

20. **Alleged Failure To Pay Vested Vacation Pay And Wages Upon Discharge:** Plaintiff's First and Second Causes of Action allege that Defendant failed to pay vested vacation pay and wages upon termination of employment in violation of California Labor Code §§ 227.3, 201, and 202. Defendant denies these allegations. In connection with these claims, Plaintiff asserts that the class is entitled to recover the full amount of their unpaid vacation pay, unpaid wages, penalty wages under Labor Code §203, punitive damages, along with the costs of the suit, prejudgment interest, and an award of attorney's fees. Complaint, ¶¶ 19, 21, 27, 28, 29.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL          6.

21. **Alleged Unfair Business Practices:** With respect to the claims for alleged unpaid wages and vacation pay upon termination of employment, Plaintiff's Third Cause of Action alleges a violation of the Unfair Competition Law ("UCL") pursuant to California Business and Professions Code § 17200, *et seq.* Complaint, ¶¶ 32-37. Defendant denies these allegations. Alleging a UCL violation extends the statute of limitations on Plaintiff's' wage claims from three to four years. *See* Bus. & Prof. Code § 17208; *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 178-79 (2000) [four-year statute of limitations for restitution of wages under the UCL].

22. Plaintiff fails to assert the amount he believes was not paid out to former employees of Defendant upon termination of the employment of putative class members within the four years preceding the filing of the Complaint. Defendant, however, maintains data with respect to the amount of Your Time benefits that are forfeited upon termination of employment. During the four years preceding the filing of this action a total of 616 California employees were terminated by Defendant. These 616 employees forfeit a total of $809,928.29 of unused Your Time benefits when their employment ended. McGoldrick Decl., ¶ 6. Therefore, on Plaintiff's claim for payment of vacation wages, there is $809,928.29 in controversy.

23. **Waiting Time Penalties:** The Complaint alleges that the putative class is entitled to receive "penalty wages" pursuant to Labor Code section 203 "from the date their earned and unpaid wages were due, upon termination, until paid, up to a maximum of 30 days." Complaint, ¶ 27. Labor Code section 203 describes penalty wages as follows: "the wages of the employee shall continue as a penalty from the due date thereof . . .; but the wages shall not continue for more than 30 days." The applicable statute of limitations for a Labor Code section 203 waiting time penalty claim is three years. *Pineda v. Bank of America, N.A.,* 50 Cal. 4th 1389, 1399 (2010).

24. During the three year period preceding the filing of the Complaint, the Defendant terminated a total of 458 California employees who forfeit unused vacation pay. The average annual wage on the date of termination for this group of employees was $45,108.99. McGoldrick Decl., ¶ 7. The amount of waiting time penalties in controversy can be calculated as follows: (1) $45,108.99 ÷ 52 = $867.48 average weekly wage; (2) $867.48 ÷ 5 = $173.50 average daily wage; (3) $173.50 x 30 = $5,204.88 average waiting time penalty. If the average waiting time

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL                           7.

penalty of $5,204.88 is multiplied by the 458 employees terminated in the three year period preceding the filing of the Complaint, the total is $2,383,835.00. Thus, the amount of waiting time penalties in controversy in this case is $2,383,835.00.

25. **Plaintiff's Request For Injunctive Relief With Respect To The Benefits of Active Employees.** According to the Complaint, the putative class includes both "current and former employees" of Defendant in California. Complaint, ¶ 1. Because the current employees have not yet been terminated, the Complaint requests "injunctive relief to prevent Defendants from committing such acts in the future." Complaint, ¶¶ 22, 30, 37. In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 841 (9th Cir. 2002); *quoting Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

26. According to the Complaint, the purpose of the request for injunctive relief is to ensure that employees will receive payment of accrued vacation time in compliance with California law. Pursuant to the terms of the Your Time Plan, all accrued and unused Your Time in excess of limits established by the Plan are forfeited at the end of each calendar year. The amount of Your Time that was lost to employees due to year-end forfeitures at the end of the 2007, 2008, 2009, and 2010 calendar years must be included in measuring the amount in controversy because it is neither available for use by Defendant's employees, nor available for payment upon termination of employment. Your Time benefits valued at $1,808,980.92 was forfeited by Defendant's California employees between December 31, 2007 and the date of the Complaint in this case. McGoldrick Decl., ¶ 8.

27. In February 2011, the Company had 1,266 active employees in California. The Your Time Plan restricts these employees' use of Your Time that has been carried over from prior years into 2011, such that the carried over Your Time may only be used after all current year accruals are exhausted and any carried over Your Time will be forfeit upon termination of employment. A total of 51,162.31 hours of Your Time was held in the carry over accounts of Defendant's active California employees as of March 25, 2011. At an average hourly wage of $29.99, the value of the carryover accounts which are not available for payout on termination under the Your Time Plan is $1,534,357.60. McGoldrick Decl., ¶ 9.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL          8.

28.  **Amount in Controversy Based Upon Plan and Employee Data.**  Although Defendant denies any and all liability to the Plaintiff or to the putative class members he purports to represent, the following is a summary of the portion of the amount in controversy that can be measured based upon benefit plan and employee data and relating to Plaintiff's claims for vacation pay and waiting time penalties:

| Claim | Current Amount in Controversy |
|---|---|
| Your Time/Vacation Forfeited By Terminated Employees | $809,928.29 |
| Your Time/Vacation Year-End Forfeitures (Active Employees) | $1,808,980.92 |
| Your Time Carryover Balance Of Current Employees Not Available For Payout On Termination Of Employment | $1,534,357.60 |
| Waiting Time Penalties | $2,383,835.00 |
| **Total** | **$6,537,101.81** |

29.  **Attorney's Fees In Controversy.**  Plaintiff's claim for attorneys' fees pursuant to Labor Code sections 218.5, 226 and 1194 and Code of Civil Procedure section 1021.5 must also be considered in determining whether the jurisdictional limit is met. Complaint, ¶¶ 19, 28; Prayer, ¶ 10; *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) [attorneys' fees recoverable by statute are properly included in the amount in controversy]. Indeed the Ninth Circuit consistently has held that attorneys' fees were properly included in the amount in controversy in a class action. *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 942-43 (9th Cir. 2001). Moreover, the Ninth Circuit's established benchmark of 25% of damages for an award of attorneys' fees in class actions provides a reasonable basis to determine the amount of attorneys' fees in controversy in this matter. *See Fischel v. Equitable Life Assur. Soc'y*, 307 F.3d 997, 1006 (9th Cir. 2002). Using the Ninth Circuit benchmark of 25 percent of damages, the amount of attorneys' fees in controversy for purposes of removal is $1,634,275.40.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL                    9.

30. In addition, Plaintiff seeks to recover punitive damages. Thus, punitive damages are also properly included as part of the amount in controversy in a removal action. *See, e.g., Gibson.,* 261 F.3d at 945. Although Defendant disputes that punitive damages are available in connection with Labor Code claims, in measuring the amount in controversy, the Court must assume that a jury will return a verdict for Plaintiff on all claims made in the Complaint. *See Kenneth Rothschild Trust v.* Morgan Stanley *Dean Witter*, 199 F.Supp.2d 1001 (C.D. 2002). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what Defendant will actually owe. *See Rippee v. Boston Mkt. Corp.,* 408 F.Supp.2d 982, 986 (S.D. Cal. 2005*).* A removing party may establish the punitive damages in controversy using a ratio of compensatory damages. *See, e.g., Alexander v. FedEx Ground Package Sys., Inc.,* Case No. C 05-0038 MHP, 2005 WL 701601, at *5 (N.D. Cal. Mar. 25, 2005) ["Defendants' estimate of punitive damages varies between a 2:1 and 10:1 ratio of compensatory damages likely to be awarded .... [E]ven by looking at the low end of this range, [plaintiff's] punitive damages would put him well over the minimum jurisdictional amount."]. In a wage and hour class action in California, the jury awarded the plaintiffs over $57 million in unpaid meal break compensation and $115 million in punitive damages. *Savaglio v. Wal-Mart Stores, Inc.,* 2005 WL 3804468 (Cal. Superior), 9 Trials Digest 9th 14. Here, despite Defendant's vigorous contention that Plaintiff is not entitled to punitive damages, for purposes of determining the amount of controversy only, Defendant applies a conservative multiplier of 2.0 to Plaintiff's claims—which is same multiplier achieved in the *Savaglio* jury verdict cited above and by the U.S. District Court in the Northern District of California in the *Alexander* decision. If this Court assumes that Plaintiff seeks punitive damages in an amount just twice that of his measurable claim for vacation pay (excluding waiting time penalties), potential punitive damages place an additional $8,306,531.60 in controversy. And, additional attorney's fees, at 25% of a punitive damages award, would add another $1,750,000.00 in controversy.

31. Defendant provides the foregoing calculations *solely* to demonstrate that the amount *in controversy* in this case easily exceeds the $5,000,000 requirement of the CAFA. Defendant makes no admission of any fact, liability or damages with respect to any aspect of this

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL 10.

case, nor does it endorse or concede that the proffered methodology for such calculations will be proper for the calculation of damages, if any, in this case.

32. In sum, there is more than $18,000,000 in dispute based upon the Plaintiff's claims, which is substantially more than the $5,000,000 jurisdictional amount required by the CAFA. The minimum jurisdictional amount requirement of the CAFA is therefore met.

### E. Plaintiff's Citizenship Is Diverse From The Defendant's Citizenship.

33. Plaintiff is a resident of the State of California. Complaint, ¶ 2 *See also* 28 U.S.C. § 1332(a)(1) [an individual is a citizen of the state in which he or she is domiciled]; *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) [for diversity purposes, person is citizen of a state if a citizen of the United States and domiciled in that state]. Furthermore, Plaintiff seeks to represent current and former employees who were employed in the State of California during the putative class period, many of which are also residents of California, including the Plaintiff. *See* Complaint, ¶¶ 1, 2; McGoldrick Decl., ¶ 10.

34. Nationwide Mutual Insurance Company was, at the time Plaintiff filed his state court action, and remains, a corporation incorporated under the laws of the State of Ohio, with its principle place of business in Columbus, Ohio. Complaint, ¶ 3; McGoldrick Decl., ¶ 2. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

35. DOES 1 through 50 are fictitious defendants, are not parties to this action, and have not been named or served. Pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) ["district court was correct in only considering the domicile of the named defendants"]. The Doe defendants, therefore, need not consent to this removal.

36. In summary, Plaintiff, who is a citizen of a state different from Defendant's state of citizenship, seeks to represent a class of *at least* 100 employees. Because Defendant is not a state or governmental entity, and because the matter in controversy exceeds the $5,000,000 threshold set forth in the CAFA, removal of this action is proper under the CAFA.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL                    11.

## V. THE PUTATIVE CLASS MEMBERS' CLAIMS ARE PREEMPTED BY ERISA AND THUS PROVIDE THIS COURT WITH ORIGINAL SUBJECT MATTER JURISDICTION

37.  Plaintiff purports to represent a class of individuals who are allegedly owed vested but unused vacation pay on termination. Complaint, ¶ 1. Plaintiff seeks to certify a putative class of "past and current employees employed by defendant" (Complaint, ¶ 1) and claims that for that class of employees, Defendant had a "systematic course of illegal payroll practices and policies throughout the County of San Diego and State of California, which was applied to all employees similarly situated in violation of [California law]." Complaint, ¶ 13(b). Plaintiff alleges that Defendant violates California law with respect to "vested vacation pay" because it "is Nationwide's policy to only pay out the current your time accrual if the associate has five years of service or was hired prior to 12/31/05." Complaint, ¶ 17.

38.  In fact, the unpaid "Your Time" benefits referenced in the Complaint are not vacation pay or wages, but instead are a form of paid time off benefit that is provided to employees of Defendant only through its Your Time Program, which is part of an employee welfare benefit plan, governed by ERISA, 29 U.S.C. §1001, *et seq.*, that provides Your Time benefits, short term disability benefits and long term disability benefits. McGoldrick Decl., ¶¶ 3-5. Defendant does not offer its California employees a vacation benefit other than the Your Time benefits offered through the ERISA plan and nothing in California law requires Defendant to offer such benefits.

39.  The Your Time Program is an employee welfare benefit plan governed by ERISA, 29 U.S.C. §1001, *et seq.* The Your Time Program involves and requires an on-going administrative scheme. *Bogue v. Ampex Corp.*, 976 F.2d 1319, 1323 (9th Cir. 1992), *cert. denied*, 507 U.S. 1031 (1993) [arrangements requiring an "ongoing administrative scheme" are ERISA "plans"]. Further, the benefits are not paid from Defendant's general assets, but rather are an obligation of a funded trust that is insured against mismanagement and guaranteed through a fidelity bond. McGoldrick Decl., ¶¶ 3-5; *Massachusetts v. Morash*, 490 U.S. 107, 114 (1989) ["the creation of a separate fund to pay employees vacations benefits" would be subject to ERISA]; *McMahon v. Digital Equip. Corp.*, 162 F.3d 28, 36-38 (1st Cir. 1998) [paid time off plan funded by a trust and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL            12.

insurance, and secured by a fidelity bond, rather than from general corporate assets, is covered by ERISA]. For these reasons, the Your Time Program is an ERISA-covered welfare benefit plan.

40. That Defendant's Your Time Program is an ERISA-governed welfare benefit plan has been established in other judicial and administrative forums:

(a) This Court may take judicial notice of a Consent Decree entered by the United States District Court for the Southern District of Ohio on September 26, 2008 in a case entitled *Joanne McGoldrick, in her fiduciary capacity as member of the Benefits Administrative Committee of Nationwide Mutual Insurance Company, et al., v. Angela Bradstreet, Labor Commissioner, Department of Industrial Relations, State of California, in her official capacity*, Case No., 2:08-cv-01. In that Consent Decree, the Court concluded that the "Your Time Plan is governed by ERISA, based on current law and the current operation of the Your Time Plan." *See* Request for Judicial Notice ("RFJN"), Ex. 1 (Consent Decree at p. 4, ¶ J); McGoldrick Decl., ¶ 5, Ex. 3 (Consent Decree at p. 4, ¶ J). In that Consent Decree, the State of California agreed that the Plan was an ERISA plan and that California law as it related to vacation pay was preempted by ERISA. RFJN, Ex.1 (Consent Decree at p. 5, ¶ L); McGoldrick Decl., ¶ 5, Ex. 3 (Consent Decree at p. 5, ¶ L).

(b) This Court may also take judicial notice of a decision by a Magistrate Judge in the United States District Court for the District of New Hampshire, who after conducting an evidentiary hearing in 2007 concluded:

> It is clear from [Assistant Vice President of Benefits Planning, John] Towarnicky's testimony that Nationwide's employee benefit plan is precisely the type of plan covered by ERISA. Nationwide clearly intends to operate the plan as an ERISA-qualifying welfare plan. The intention is manifested in the

> manner the plan is funded and operated, as well as in the relationship of the fund with the Department of Labor and the Internal Revenue Service. The evidence adduced at the hearing readily demonstrated that the Your Time Plan is a qualified employee welfare benefit plan encompassed by ERISA and not a payroll practices plan outside of ERISA's preemptive scope.

RFJN, Ex. 2 at pp. 13-14; McGoldrick Decl., ¶5, Ex. 4 at pp. 13-14 (internal citations omitted). The United States District Court Judge's Order *approving* the Magistrate Judge's Report and Recommendation is also attached as Exhibit 3 to the Request for Judicial Notice, and Exhibit 4 to the McGoldrick Declaration.

41. As part of his Complaint, Plaintiff seeks to require Defendant to pay "vacation pay," which is only offered by Defendant as Your Time through its employee benefit plan, thus making Plaintiff's claim a claim under Section 502(a) of ERISA, 29 U.S.C. § 1132(a), which provides that "[a] civil action may be brought – (1) by a participant or beneficiary - … (B) to recover benefits due to him under the terms of his plan, [or] to enforce his rights under the terms of the plan, …" This is a claim over which the district courts of the United States have jurisdiction, without respect to the amount in controversy or the citizenship of the parties pursuant to Section 502(e) and (f) of ERISA. 29 U.S.C. §§ 1132 (e) and (f).

42. As part of his Complaint, Plaintiff seeks injunctive relief with respect to future payments of benefits, thus making Plaintiff's claim a claim under Section 502(a) of ERISA, 29 U.S.C. § 1132(a), which provides that "[a] civil action may be brought – (1) by a participant or beneficiary - … (B) . . . to clarify his rights to future benefits under the terms of the plan." This is a claim over which the district courts of the United States have jurisdiction, without respect to the amount in controversy or the citizenship of the parties pursuant to Section 502(e) and (f) of ERISA. 29 U.S.C. §§ 1132 (e) and (f).

43. Although a claim under ERISA is not expressly pled in the Complaint, ERISA completely preempts state law claims that are premised on an employer's or plan's failure to provide benefits due under an employee benefit plan. A plaintiff is not permitted to "artfully plead" the

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL                 14.

complaint to conceal the true nature of the complaint. *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1130 (9th Cir. 1992); *Clorox v. United States District Court*, 779 F.2d 517, 521 (9th Cir. 1985). Thus, the fact that Plaintiff refers to the Your Time benefit as "vacation pay" will not preclude removal. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987) [because ERISA displaces state law claims and substitutes federal claims, claims pled as state law causes of action are recharacterized as federal and as such are removable to federal court]. In fact, the Complaint does make specific reference to Your Time (Complaint, ¶ 17), or specific reference to the Your Time Program and the employee benefit plan with each reference to Defendant's policy. *See e.g.*, Complaint, ¶¶ 17, 18, 22, 30, 37.

44. Even if Plaintiff's' claim were not completely preempted, such that it states a claim under ERISA, the allegations set forth in Plaintiff's' Complaint demonstrate that this is a civil action arising under the laws of the United States because it involves a substantial and contested federal issue. *See, e.g., Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 310 (2005). The rights of the parties with respect to benefits cannot be resolved without construction of the federal law of employee benefits, namely ERISA. 29 U.S.C. §1001, *et seq*. Moreover, a substantial and contested federal issue is presented because a Consent Decree issued by the United States District Court for the Southern District of Ohio compels the continued operation of the Your Time Program pursuant to the federal law of ERISA, rather than the law of California law. McGoldrick Decl., ¶ 5, Ex. 3.

45. Because this action is a both civil action over which this Court has original jurisdiction pursuant to Section 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and an action arising under an act of Congress over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, it may be removed to this Court under the provisions of 29 U.S.C. § 1441(b).

## VI. TIMELINESS OF REMOVAL

46. This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within thirty (30) days of service of the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) [the 30-day removal period runs from the service of the summons and complaint].

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL 15.

47. On March 2, 2011, Plaintiff served Defendant's agent with the Summons and Complaint. *See* paragraph 6, *supra*. This matter is being removed within 30 days of that service of the Summons and Complaint. The Notice of Removal is timely as a matter of law.

## VII. NOTICE TO PLAINTIFF AND STATE COURT

48. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be served on Plaintiff's counsel of record, Douglas F. Walters, Esq. and Robert M. Caietti, Esq., Walters & Caietti, APC, 9255 Towne Centre Dr., Suite 840, San Diego, California. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of San Diego, California.

WHEREFORE, having provided notice as is required by law, the above-entitled action should be removed from the Superior Court for the County of San Diego to this Court.

Dated: April 1, 2011

        */s/ Jerrilyn T. Malana*
JERRILYN T. MALANA
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY

Firmwide:100921451.2 050511.1081

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL          16.